■ ROBERT CHUDICK, Respondent, v WENDY M. CHUDICK, Appellant. [731 NYS2d 880] —In an action for a divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered June 13, 2000, as directed her to pay $20,000 to the plaintiff on or before December 30, 1999, and the balance of the plaintiff's interest in the equity in the marital premises within 30 days thereafter.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

As part of their settlement agreement, the parties agreed that the defendant would purchase the plaintiff's interest in the marital premises. However, the agreement was ambiguous as to both the amount of this interest and how payments were to be made. Thus, the Supreme Court improperly provided for such terms in the judgment. Because the agreement is ambiguous, a hearing must be held to determine the parties' intent as to the terms of the transfer of the plaintiff's interest in the marital premises to the defendant (*see, Matter of Perry v Knab,* 231 AD2d 854; *Stukalin v Stukalin,* 147 AD2d 632; *see also, Gentry v Stevens,* 145 AD2d 532). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.