■ CAMILLE DIERNA, Respondent, v JOSEPH DIERNA, Appellant. [782 NYS2d 784]—

In a matrimonial action in which the parties were divorced by judgment dated March 11, 2003, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 3, 2003, which, inter alia, granted that branch of the plaintiff's motion which was to direct the defendant to pay her 50% of the boarding school costs of the parties' daughter.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to direct the defendant to pay the plaintiff 50% of the boarding school costs of the parties' daughter and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendant.

Under the terms of the separation agreement entered into between the parties in November 2002, the parties were obligated to "agree to confer with each other regarding major custodial decisions affecting the Children's health, education and welfare to reach a harmonious decision in the best interests of the Children." No evidence was presented demonstrating that the parties conferred and reached a harmonious decision regarding their daughter's education and placement in the specific boarding school at issue here. Accordingly, contrary to the determination of the Supreme Court, the defendant's obligation to pay a 50% share of such expense was not triggered (*see Pollack v Pollack,* 3 AD3d 482 [2004]; *Pollack v Pollack,* 276 AD2d 613 [2000]; *Leifer v Leifer,* 230 AD2d 717 [1996]; *Matter of Citera v D'Amico,* 251 AD2d 662 [1998]; *Matter of Levenson v Levenson,* 166 AD2d 592 [1990]).

The defendant's remaining contention is without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.