■ Elyse J. Frydman, Appellant, v Jacob A. Frydman, Respondent. [821 NYS2d 221]—

In a matrimonial action in which the parties were divorced by judgment entered April 15, 1997, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Berkowitz, J.), dated January 31, 2005, which, inter alia, after a hearing, denied that branch of her motion which was to enforce a provision of the parties' stipulation of settlement, incorporated but not merged into the judgment of divorce, requiring the defendant to pay certain medical expenses and denied her oral application for a determination that the defendant had not complied with the provision of the stipulation of settlement requiring him to make a $10,000 lump-sum payment to her.

Ordered that the appeal from so much of the order as denied the plaintiff's oral application for a determination that the husband had not complied with the provision of the stipulation of settlement requiring him to make a $10,000 lump-sum payment to her is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701; *Coleman v Coleman,* 284 AD2d 426 [2001]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce retains the character of an independent contract and survives as a basis for suit (*see Rainbow v Swisher,* 72 NY2d 106, 109 [1988]; *Douglas v Douglas,* 7 AD3d 481, 482 [2004]). Where its terms are ambiguous, the court may consider extrinsic evidence to determine the parties' intent (*see Sterling-Andrean v Andrean,* 15 AD3d 644, 645 [2005]; *cf. Matter of Poznik v Froebel,* 1 AD3d 366 [2003]; *Black v Black,* 1 AD3d 303, 304 [2003]). Disputed issues of fact must be resolved, with great deference accorded the court as fact-finder (*see Eschbach v Eschbach,* 56 NY2d 167, 173-174 [1982]; *Matter of Barrett v Pickett,* 5 AD3d 591 [2004]; *Matter of Cattell v Cattell,* 254 AD2d 357 [1998]).

The stipulation of settlement required that the defendant pay for medical expenses for the parties' children, except that the defendant's consent was required for treatment in certain circumstances. While the plaintiff alleges that the defendant did not pay for certain medical treatments, the record supports the Supreme Court's finding that those treatments required the defendant's consent, and that the plaintiff failed to obtain his

consent for those treatments (*see Dierna v Dierna,* 11 AD3d 426 [2004]; *Pollack v Pollack,* 276 AD2d 613 [2000]; *Leifer v Leifer,* 230 AD2d 717 [1996]).

The Supreme Court's interpretation of the stipulation of settlement, finding that the defendant had satisfied his obligation to make clothing purchases in lieu of yearly lump-sum payments of $1,000 per child, was supported by the evidence, as was the finding that the defendant had satisfied his obligation to pay a marital debt in the form of a Sears credit card bill. Further, the court accounted for any discrepancy in the calculation of bat mitzvah expenses in determining the arrears.

The appellant's remaining contentions are not properly before us on this appeal, as they relate to issues which were determined in a prior order of the Supreme Court, Nassau County, dated May 5, 2003. Miller, J.P., Adams, Skelos and Covello, JJ., concur.