■ RICHARD N. DRISCOLL, Appellant, v DOROTHY DRISCOLL, Respondent. [847 NYS2d 106]—

In a matrimonial action in which the parties were divorced by judgment dated October 5, 2000, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated November 6, 2006, as granted that branch of the defendant's cross motion which was to enforce a provision of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, requiring him to maintain a life insurance policy for the defendant's benefit.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 28, 2000 the parties entered into an open court stipulation of settlement which was incorporated but not merged into a judgment of divorce dated October 5, 2000. The stipulation stated, in pertinent part, that there existed a $250,000 life insurance policy for the defendant's benefit which the plaintiff would maintain to secure his maintenance obligation and the defendant's interest in his pension, and in exchange, the defendant would waive her right to a joint survivor annuity on the pension. The defendant cross-moved, inter alia, to enforce this provision of the stipulation, alleging that the plaintiff was maintaining a term life insurance policy for her benefit in the amount of only $100,000, that the face value of the policy would decrease by 20% every year commencing with the plaintiff's

66th birthday, and would terminate when the plaintiff reached age 70. In opposition to that branch of the cross motion, the plaintiff contended that he had complied with the stipulation, since it required him to maintain only the life insurance policy that was in effect at the time of the stipulation, and that the $100,000 policy was the one in effect at that time. The Supreme Court granted that branch of the defendant's cross motion and directed the plaintiff to provide proof of a life insurance policy for the benefit of the defendant in the amount of $250,000.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce retains the character of an independent contract and survives as a basis for suit (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Frydman v Frydman*, 32 AD3d 455, 456 [2006]; *Douglas v Douglas*, 7 AD3d 481, 482 [2004]). The provision in the stipulation of settlement regarding the life insurance policy, which was expressly incorporated into the judgment of divorce, is ambiguous. Where the terms of a stipulation of settlement are ambiguous, the court may consider extrinsic evidence to determine the parties' intent (*see Frydman v Frydman*, 32 AD3d at 456; *Sterling-Andrean v Andrean*, 15 AD3d 644, 645 [2005]; *Laing v Laing*, 282 AD2d 655 [2001]). The Supreme Court's interpretation of this provision of the stipulation of settlement, that the plaintiff was required to maintain a $250,000 life insurance policy in the defendant's favor to secure, inter alia, the defendant's interest in his pension, is supported by the evidence in the record.

The plaintiff's remaining contention is not properly before this Court. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.