In the Matter of MEIRA STEINHARTER, Respondent, v AVROHOM STEINHARTER, Appellant. [862 NYS2d 47]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated September 28, 2006, which sustained the mother's objection to so much of an order of the same court (Mayeri, S.M.), dated June 23, 2006, as, after a hearing, denied that branch of her petition which was to direct him to pay educational expenses for the parties' child in accordance with the judgment of divorce and thereupon, in effect, granted that branch of the petition.

Ordered that the order dated September 28, 2006 is modified,

on the law, by deleting the provision thereof sustaining the mother's objection to so much of the order dated June 23, 2006, as denied that branch of her petition which was to direct the father to pay educational expenses incurred in connection with the parties' child's attendance in nursery school when she was three and four years of age, and substituting therefor a provision denying the objection to that portion of the order dated June 23, 2006; as so modified, the order dated September 28, 2006 is affirmed, without costs or disbursements.

The parties are the parents of one child, who was born October 4, 1998. Prior to their divorce, the parties submitted issues relating to child support to binding arbitration by a rabbinical court. The ensuing decisions of the rabbinical court were incorporated, but not merged, into the parties' judgment of divorce. The rabbinical court decisions, which were written in Hebrew and were the subject of varying translations, required the father to pay tuition and related expenses for the child once she began attending "school" or an "educational institution," and required the parents to either mutually agree or coordinate with each other upon the choice of schools (hereinafter the educational expenses provisions). In September 2004 the mother filed a petition seeking, inter alia, to direct the father to pay in accordance with the educational expenses provision in order to obtain reimbursement from the father for expenses she had incurred in sending the child to private Orthodox Jewish schools when she was three, four, and five years of age. At the conclusion of a hearing, the Support Magistrate denied that branch of the mother's petition which was to direct the father to pay in accordance with the educational expenses provision, concluding that the parties had not mutually agreed upon the schools the child attended. The Family Court sustained the mother's objection to the Support Magistrate's order.

On appeal, the father contends that the rabbinical court decisions incorporated into the judgment of divorce did not require him to pay noneducational, nursery school-related expenses for the child. We agree that the educational expenses provision of the rabbinical court decisions did not contain an unambiguous requirement that the father pay the cost of nursery school before the child reached the standard kindergarten age of five. Thus, extrinsic evidence may be considered to determine the intended scope of this provision (see *Driscoll v Driscoll*, 45 AD3d 723 [2007]; *Frydman v Frydman*, 32 AD3d 455 [2006]). The extrinsic evidence presented at the hearing did not establish that it was the intent of the rabbinical court to impose a requirement for the payment of nursery school expenses, or that it was

the intent of the parties to agree to such a requirement when they consented to incorporate the rabbinical court decisions into their judgment of divorce. Accordingly, the Family Court should not have sustained the mother's objection to so much of the Support Magistrate's order as denied those branches of the petition which were for reimbursement for expenses incurred in connection with the child's attendance in nursery school when she was three and four years of age.

However, the father acknowledged that he understood the rabbinical court decisions to require him to start paying tuition when the child reached the age of five, and the language of the rabbinical court decisions supports the conclusion that the father's obligation was to commence when the child reached school age. Furthermore, the evidence presented at the hearing demonstrates that the father voiced no objection to the mother's selection of Bais Yaakov of 18th Avenue prior to the child's enrollment in that school. Under these circumstances, the father implicitly consented to the child's enrollment in Bais Yaakov of 18th Avenue (*see Matter of Citera v D'Amico*, 251 AD2d 662 [1998]), and is obligated to reimburse the mother for the educational expenses incurred for the 2003-2004 school year, when the child was five years old. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.