■ MARY J. BOSTER-BURTON, Appellant, v STEVEN B. BURTON, Respondent. [940 NYS2d 111]—

The parties entered into a stipulation of settlement dated April 2, 2008, which was incorporated but not merged into the judgment of divorce dated July 23, 2009. Insofar as relevant to this appeal, article II section 11 (c) of the stipulation of settlement addressed, inter alia, the responsibility for carrying charges and expenses related to the former marital residence. " 'As with other contracts, when the terms of a separation agreement are clear and unambiguous, the general rule is that the intent of the parties is to be found within the four corners of the agreement,' " and not from extrinsic evidence (*Boster-Burton v Burton*, 73 AD3d 671, 672 [2010], quoting *Surlak v Surlak*, 95 AD2d 371, 375 [1983]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 824 [1990]; *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Perry v Perry*, 13 AD3d 508, 508-509 [2004]). "Whether an agreement is ambiguous is a question of law for the courts" (*Kass v Kass*, 91 NY2d 554, 566 [1998]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Here, the relevant provision of the parties' stipulation of settlement is ambiguous as to whether the defendant former husband is responsible for paying all of the expenses related to landscaping and snow removal for the former marital residence, or only the first $500 of those expenses incurred per month, with the balance divided equally between the parties. The resolution of an ambiguous provision, for which extrinsic evidence may be used, is for the trier of fact (*see Nappy v Nappy*, 40

AD3d 825, 826 [2007]; *Matter of Mahoney v Goggins*, 12 AD3d 447, 448 [2004]; *Pellot v Pellot*, 305 AD2d 478, 481 [2003]).

Accordingly, the Supreme Court should not have directed the defendant former husband to pay the first $500 of landscaping and snow removal expenses incurred per month, with the balance divided equally between the parties, and the matter must be remitted to the Supreme Court, Westchester County, for a hearing to determine the parties' intent with regard to the relevant provision of the stipulation (*see Bianco v Bianco*, 21 AD3d 918, 919 [2005]; *Chudick v Chudick*, 287 AD2d 590 [2001]; *Laing v Laing*, 282 AD2d 655, 656 [2001]). Contrary to the plaintiff former wife's contention, in light of the ambiguity, the Supreme Court properly denied that branch of her motion which was to hold the defendant former husband in contempt for failing to comply with that provision (*see Quick v ABS Realty Corp.*, 13 AD3d 1021, 1022 [2004]; *Matter of Pfeffer v Board of Educ. of City of N.Y.*, 87 AD2d 595 [1982]; *cf. McCain v Dinkins*, 84 NY2d 216, 226 [1994]).

Furthermore, the Supreme Court erred in granting that branch of the plaintiff former wife's motion which was to direct the defendant former husband to pay for certain unreimbursed exterminator expenses only to the extent of directing him to pay one half of those expenses on the ground that the charge for exterminator expenses represented maintenance and upkeep of the former marital residence. Pursuant to the relevant provision of the stipulation of settlement, the defendant former husband was "solely and exclusively responsible for . . . any reasonable and necessary exterminator expenses related to the [former marital] residence." However, the Supreme Court never addressed the defendant former husband's contention that the charge for exterminator expenses was unreasonable. Since a question of fact exists in this regard, a hearing also is required as to this issue, with a new determination of that branch of the plaintiff former wife's motion which was to direct the defendant former husband to pay for the unreimbursed exterminator expenses thereafter.

The plaintiff former wife also sought an award of an attorney's fee to be paid by the defendant former husband in connection with her prior motion involving the enforcement of the parties' stipulation of settlement and in connection with the underlying motion. The plaintiff former wife had previously moved, inter alia, for an attorney's fee in connection with the prior motion. In an order dated June 30, 2009, the Supreme Court, Westchester County (Martin, J.), directed a hearing on that application, which has yet to take place. Thus, a hearing is

also required to determine the amount of a reasonable attorney's fee, if any, to be awarded to the plaintiff former wife in connection with the prior motion.

As to the plaintiff former wife's request for an attorney's fee in connection with the underlying motion, that matter also requires a hearing on the issue of the reasonable amount of fees, if any, to be awarded to the plaintiff former wife after the remaining branches of her motion are decided. We note in this regard that while the Supreme Court denied this branch of the plaintiff former wife's motion on the ground that she failed to annex "bills or invoices" to her application pursuant to 22 NYCRR 202.16, that rule does not apply to the facts of this case. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.