■ Bruce Salinger, Respondent, v Cathy Salinger, Appellant. [4 NYS3d 81]—

In a matrimonial action in which the parties were divorced by judgment dated November 5, 1997, the defendant appeals from an order of the Supreme Court, Richmond County (Panepinto, J.), dated April 9, 2014, which denied her motion, in effect, to enforce the provisions of the judgment of divorce requiring the plaintiff to pay maintenance, to hold him in contempt for failing to comply with those provisions of the judgment of divorce, and for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was, in effect, to enforce the provisions of the judgment of divorce requiring the plaintiff to pay maintenance; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

The parties married in 1983, had two children, and were divorced by judgment of divorce in 1997. The parties entered into a stipulation of settlement, which was incorporated, but not merged, into the judgment of divorce. The stipulation, as reflected in the judgment of divorce, provided that, for a five-year period commencing on July 1, 1997, the plaintiff was obligated to pay to the defendant the sum of $2,200 per month, which was allocated as $1,600 for maintenance and $600 for child support. During that five-year period, the plaintiff was permitted to claim both children as tax exemptions. After the expiration of that five-year period, the plaintiff was obligated to pay the sum of $2,000 per month to the defendant, allocated as $1,000 for maintenance and $1,000 for child support. During that period, the plaintiff was permitted to claim the parties' oldest child as a tax exemption and the defendant was permitted to claim the parties' youngest child as a tax exemption. The judgment of divorce further provided that, when the parties' oldest child was emancipated, the plaintiff shall pay to the defendant 17% of his gross income after deduction of FICA and Social Security taxes, based upon the average of the last three years of his earnings, per month. That sum was allocated as 50% maintenance and 50% child support. The judgment of divorce provided that in no event shall the defendant's marital status affect the above-mentioned allocations of maintenance and child support.

The plaintiff made all required support payments to the defendant, and ceased making such payments when the parties' youngest child was emancipated. The defendant moved, in effect, to enforce the provisions of the judgment of divorce requiring the plaintiff to pay maintenance, to hold him in contempt for failing to comply with those provisions, and for an award of an attorney's fee. The Supreme Court denied the motion.

"A stipulation of settlement that has been incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (*Murphy v Murphy*, 120 AD3d 1319, 1320 [2014]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]). " 'A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning' " (*Tamburello v Tamburello*, 113 AD3d 752, 753 [2014], quoting *Ayers v Ayers*, 92 AD3d 623, 624 [2012]). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (*Ayers v Ayers*, 92 AD3d at 624).

"Whether an agreement is ambiguous is a question of law for the courts" (*Kass v Kass*, 91 NY2d 554, 566 [1998]), and the proper inquiry is " 'whether the agreement on its face is reasonably susceptible of more than one interpretation' " (*Clark v Clark*, 33 AD3d 836, 837 [2006], quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]).

Here, the relevant provisions of the parties' stipulation and the judgment of divorce are ambiguous as to whether the plaintiff's maintenance obligation terminated upon the emancipation of the parties' youngest child. The resolution of these ambiguous provisions, for which extrinsic evidence may be used, is for the trier of fact (*see Boster-Burton v Burton*, 92 AD3d 909, 910 [2012]; *Nappy v Nappy*, 40 AD3d 825, 826 [2007]). Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a hearing to determine the parties' intent with regard to the relevant provisions of the stipulation and judgment of divorce (*see Boster-Burton v Burton*, 92 AD3d at 911; *Bianco v Bianco*, 21 AD3d 918, 919 [2005]), and, thereafter, a new determination of that branch of the defendant's motion which was, in effect, to enforce the provisions of the judgment of divorce requiring the plaintiff to pay maintenance. At the hearing, the parties may offer extrinsic evidence on the issue of whether they intended the plaintiff's maintenance obligation to terminate upon the emancipation of the parties' youngest child, or whether the parties intended the plaintiff's maintenance obligation to be nondurational.

In light of the ambiguity in both the stipulation and judgment of divorce regarding the termination of the plaintiff's maintenance obligation, the Supreme Court properly denied that branch of the defendant's motion which was to hold the plaintiff in contempt for failing to comply with the provisions of the judgment of divorce requiring him to pay maintenance (*see Boster-Burton v Burton*, 92 AD3d at 911).

In light of our determination as to that branch of the defendant's motion which was to hold the plaintiff in contempt, the Supreme Court properly denied that branch of the defendant's motion which was for an award of an attorney's fee (*see* Domestic Relations Law § 237 [c]; *Yeager v Yeager*, 38 AD3d 534, 535 [2007]). Balkin, J.P., Hall, Austin and Barros, JJ., concur.