Laurie Gallo, Respondent,
against
Anthony Gallo, Appellant.



Appeal from a judgment of the Justice Court of the Town of Riverhead, Suffolk County (Richard A. Ehlers, J.), entered August 5, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,470.64.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $1,470.64, which is the amount she paid to continue defendant's health insurance coverage through her employment from the date of the stipulation of settlement in the parties' divorce action until their divorce became final. Defendant had reimbursed plaintiff for her payment of his insurance premiums for the months of August and September 2013, but ceased to reimburse plaintiff after that date. On October 1, 2013, defendant began receiving health insurance through Medicare, and a witness who testified on his behalf stated that his Medicare insurance premiums had been deducted from his Social Security checks. The parties' divorce decree was entered in May 2014. 
Whereas plaintiff asserted that she had been obligated to continue health insurance coverage for defendant through her employment until the parties' divorce decree was entered, defendant claimed that plaintiff's obligation to continue his health insurance coverage was conditional upon his continuing to reimburse plaintiff, and that upon defendant's cessation of insurance reimbursement payments, under the terms of the parties' stipulation of settlement, plaintiff's obligation to continue health insurance coverage for defendant ceased. After a nonjury trial, the Justice Court awarded plaintiff the principal sum of $1,470.64.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The stipulation of settlement in the parties' divorce action, which was admitted into evidence, specified that it would survive any decree of divorce, would not be merged therein, and could be enforced independently of any such decree. Although by its terms it appeared to make plaintiff's obligation to continue defendant's health insurance coverage conditional upon defendant's reimbursement of his health insurance premiums, and thus to contemplate that defendant could, by terminating his reimbursement payments, also terminate his coverage, the stipulation also included a mandate that defendant make monthly payments of $183.83 to plaintiff for his health insurance until the entry of the divorce decree. Since the agreement was ambiguous, the Justice Court properly considered extrinsic evidence of the parties' intent (see e.g. [*2]Salinger v Salinger, 125 AD3d 747, 749 [2015]; Boster-Burton v Burton, 92 AD3d 909, 910 [2012]). The court's conclusion, which was, in effect, that the parties had intended that plaintiff would maintain defendant's health insurance coverage and that defendant would pay plaintiff $183.83 a month until the parties' divorce was finalized unless defendant clearly notified plaintiff that his insurance should be cancelled before that time, and that defendant had failed to provide such notification to plaintiff, was supported by the evidence.
We note that we do not consider any materials which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
As the judgment provided the parties with substantial justice (see UJCA 1804, 1807), the judgment is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: March 23, 2016