■ LORI JOSEPHS LEIBOWITZ, Appellant, v DAVID LEIBOWITZ, Respondent. [38 NYS3d 252]—

Appeal by the plaintiff from stated portions of a judgment of divorce of the Supreme Court, Westchester County (Charles D. Wood, J.), entered December 17, 2013. The judgment, inter alia, directed the defendant to maintain his existing term life insurance policy "until the 20 year term expires."

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the 21st decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith and thereafter the entry of an appropriate amended judgment of divorce, which shall include, inter alia, a replacement 21st decretal paragraph directing that both parties shall maintain their existing term life insurance policies naming the children as irrevocable beneficiaries, that the plaintiff shall maintain her existing term life insurance policy naming the children as irrevocable beneficiaries until the 20-year term expires, and that the defendant's whole life insurance policy (number 4819835) and its cash surrender value shall be the defendant's separate property in consideration of the defendant maintaining his existing term life insurance policy naming the children as irrevocable beneficiaries for such a term that the court determines, after the hearing, was intended by the parties.

The plaintiff commenced this action for a divorce and ancillary relief against the defendant on May 26, 2010, after 20 years of marriage. On March 28, 2013, the parties entered into a so-ordered stipulation of settlement of divorce on the record in open court (hereinafter the stipulation). The stipulation contained several provisions regarding the parties' respective obligations to maintain life insurance, including a provision that the plaintiff waived her share of the cash surrender value of the defendant's whole life insurance policy "in consideration of the [defendant] maintaining life insurance for the duration of his obligations under this agreement." The stipulation recited that the defendant also had a term policy for $1.2 million and the plaintiff had a term life insurance policy for $400,000, and

provided that the plaintiff would maintain her policy, naming the parties' children as irrevocable beneficiaries, "until the 20-year term expires." It further provided that the defendant's $1.2 million term life insurance policy "will be maintained also for the benefit of the children as irrevocable beneficiaries." The provision regarding the defendant's $1.2 million term policy does not include the language "until the 20-year term expires." The parties agreed that the stipulation would be incorporated but not merged into the judgment of divorce.

The parties thereafter presented competing proposed judgments of divorce to the Supreme Court for execution, each purporting to more accurately reflect the agreed-upon terms of the stipulation. The court signed the proposed judgment of divorce submitted by the defendant. The judgment, inter alia, directs the defendant to maintain his existing term life insurance policy naming the children as irrevocable beneficiaries "until the 20 year term expires." The judgment also provides that to the extent that the terms of the stipulation are not specifically set forth or referred to in the judgment, the terms of the stipulation are incorporated into the judgment as if fully set forth therein.

The plaintiff appeals from stated portions of the judgment, contending that it impermissibly modified the terms of the parties' stipulation.

On appeal, both parties contend that the stipulation is clear and unambiguous, notwithstanding their contrary interpretations of the provision relating to the period of time for which the defendant is obligated to maintain his existing term life insurance policy. The plaintiff contends that the defendant must maintain the life insurance policies referenced in the stipulation for the duration of his obligations under the stipulation and that nothing in the stipulation supports the limitation the court imposed in the judgment entered. The plaintiff points out that the language "until the 20 year term expires" pertains only to her term policy, not the defendant's term policy. She further contends that she waived her interest in the defendant's whole life insurance policy, which had a cash surrender value of $30,000 to $32,000 according to the stipulation, as consideration for the defendant agreeing to maintain both of his insurance policies—the whole life policy and the term policy—with total death benefits of $1,325,000, to insure his entire financial obligations to the parties' children.

The defendant, in contrast, argues that his obligation is limited by the terms of the stipulation to maintaining life insurance for the duration of his obligations and that he is not

required to maintain the specific policies that he currently possesses. He contends that the cost of extending his existing term policy beyond the 20-year term, which expires on December 28, 2019, until the emancipation of their youngest child, which will occur on May 5, 2021, would be prohibitively expensive, in excess of $160,000. He further contends that he never would have agreed to such a provision and that he has purchased additional term life insurance which exceeds his remaining obligations after the 20-year term on the $1.2 million policy ends.

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce retains the character of an independent contract and survives as a basis for suit" (*Driscoll v Driscoll*, 45 AD3d 723, 724 [2007]; *see Salinger v Salinger*, 125 AD3d 747, 749 [2015]). When the terms of such a stipulation are clear and unambiguous, "the general rule is that the intent of the parties is to be found within the four corners of the agreement, and not from extrinsic evidence" (*Boster-Burton v Burton*, 92 AD3d 909, 910 [2012] [internal quotation marks omitted]; *see Rainbow v Swisher*, 72 NY2d 106 [1988]). "Whether an agreement is ambiguous is a question of law for the courts" (*Kass v Kass*, 91 NY2d 554, 566 [1998]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Here, the stipulation is ambiguous as to how long the parties intended the defendant's term life insurance policy to continue. The resolution of this ambiguity, for which extrinsic evidence may be used, is for the trier of fact (*see Salinger v Salinger*, 125 AD3d at 749; *Driscoll v Driscoll*, 45 AD3d at 724; *Matter of Mahoney v Goggins*, 12 AD3d 447, 448 [2004]). However, the Supreme Court improvidently exercised its discretion in choosing the defendant's proposed judgment rather than the plaintiff's proposed judgment without either a hearing (*see Salinger v Salinger*, 125 AD3d at 749; *Boster-Burton v Burton*, 92 AD3d at 910; *Matter of Mahoney v Goggins*, 12 AD3d at 448) or an express determination that the language in the defendant's proposed judgment properly reflected the intent of the parties (*cf. Driscoll v Driscoll*, 45 AD3d at 723).

Accordingly, we remit the matter to the Supreme Court, Westchester County for a hearing to determine the parties' intent with regard to the subject provision (*see Salinger v Salinger*, 125 AD3d at 749; *Boster-Burton v Burton*, 92 AD3d at 910; *Bianco v Bianco*, 21 AD3d 918, 919 [2005]) and the entry of an appropriate amended judgment of divorce thereafter. We take no position regarding what the intent of the parties may have been.

The parties' remaining contentions are either not properly before us or without merit. Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.