Cohen v Cohen (2018 NY Slip Op 05277)





Cohen v Cohen


2018 NY Slip Op 05277


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-11447
 (Index No. 200522/10)

[*1]Barbara Cohen, appellant-respondent, 
v
Daniel Cohen, respondent-appellant.


Glenn S. Koopersmith, Garden City, NY, for appellant-respondent.
Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg and Natalie A. Corriss of counsel), for respondent-appellant.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated September 30, 2015. The order, insofar as appealed from, granted that branch of the defendant's motion which was, in effect, for a determination of the plaintiff's proportionate liability for the parties' jointly filed 2013 taxes and to direct the plaintiff to pay that sum to the extent of directing the plaintiff to pay 11.3% of the parties' 2013 joint tax liability, and denied that branch of the plaintiff's motion which was for an award of counsel fees. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was, in effect, for a determination of the plaintiff's proportionate liability for the parties' jointly filed 2013 taxes and to direct the plaintiff to pay that sum only to the extent of directing the plaintiff to pay 11.3% of the parties' 2013 joint tax liability, and denied that branch of the defendant's motion which was for an award of counsel fees.
ORDERED that the order is modified, on the facts, by deleting the provision thereof granting that branch of the defendant's motion which was, in effect, for a determination of the plaintiff's proportionate liability for the parties' jointly filed 2013 taxes and to direct the plaintiff to pay that sum; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
In October 2013, the parties entered into a "Stipulation of Settlement Opting Out Agreement," which was incorporated but not merged into a judgment of divorce dated April 2, 2014. Insofar as relevant to this appeal, article XIII, paragraph "1," of the stipulation of settlement addressed the parties' respective liability for their jointly filed 2013 tax returns, and provided that [*2]any taxes due were to be "paid by the parties in proportion to their respective income."
In January 2015, the defendant moved, inter alia, to enforce the stipulation of settlement by seeking a determination of the plaintiff's proportionate liability for the parties' jointly filed 2013 taxes and to direct the plaintiff to pay that sum. The plaintiff cross-moved, inter alia, for an award of counsel fees. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendant's motion which was, in effect, for a determination of the plaintiff's proportionate liability for the parties' jointly filed 2013 taxes, and determined that the plaintiff was responsible for 11.3% of the parties' tax liability for 2013, with credit for any payments already made. The court also denied those branches of the motion and cross motion which were for an award of counsel fees.
"A stipulation of settlement is a contract, enforceable according to its terms" (Stein v Stein, 130 AD3d 604, 605; see Palaia v Palaia, 158 AD3d 719; Klein v Klein, 134 AD3d 1066, 1068). "As with other contracts, when the terms of a separation agreement are clear and unambiguous, the general rule is that the intent of the parties is to be found within the four corners of the agreement" (Surlak v Surlak, 95 AD2d 371, 375). " Whether an agreement is ambiguous is a question of law for the courts'" (Boster-Burton v Burton, 92 AD3d 909, 910, quoting Kass v Kass, 91 NY2d 554, 566). "The resolution of an ambiguous provision, for which extrinsic evidence may be used, is for the trier of fact" (Boster-Burton v Burton, 92 AD3d at 910).
Here, the relevant provision of the parties' stipulation of settlement is ambiguous as to how to calculate the parties' respective income in connection with the apportionment of their 2013 tax liability. The parties' submissions were insufficient to resolve the ambiguity. Accordingly, we remit the matter to the Supreme Court, Nassau County, for an evidentiary hearing at which extrinsic evidence may be introduced to determine the parties' intent with regard to the relevant provision of the stipulation (see id.; Bianco v Bianco, 21 AD3d 918, 919; Chudick v Chudick, 287 AD2d 590; Laing v Laing, 282 AD2d 655, 655-656; see also Nirenberg v Nirenberg, 203 AD2d 980; Graepel v County of Nassau, 119 AD2d 800), and for a new determination thereafter as to that branch of the defendant's motion which was, in effect, for a determination of the plaintiff's proportionate liability for the parties' jointly filed 2013 taxes and to direct the plaintiff to pay that sum.
The Supreme Court providently exercised its discretion in denying those branches of the motion and cross motion which were for an award of counsel fees (cf. Pinto v Pinto, 151 AD3d 715, 716).
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court