Rosen v Rosen (2019 NY Slip Op 03641)





Rosen v Rosen


2019 NY Slip Op 03641


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-08789
 (Index No. 1511/14)

[*1]Aaron J. Rosen, respondent, 
v
Ilana Rosen, appellant.


Johnson & Cohen, LLP, Pearl River, NY (Eric M. Holzer of counsel), for appellant.
Law Office of Tzvi Y. Hagler, P.C.,Valley Stream, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated July 20, 2017. The order granted the plaintiff's motion to compel arbitration of the defendant's claims to enforce and modify an award of child support and to stay court proceedings pending the arbitration.
ORDERED that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was to compel arbitration of the defendant's claims to enforce the child support award and to stay court proceedings thereon is denied, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith and for a new determination thereafter of the branch of the plaintiff's motion which was to compel arbitration of the defendant's claims to modify the child support award and to stay court proceedings thereon.
The parties were married in 2002 and have two children. In May 2014, the parties executed a contract of arbitration, by which they agreed to submit certain issues regarding the dissolution of their marriage to a Rabbinic Court. The Rabbinic Court rendered a decision which was thereafter incorporated into a stipulation of settlement signed by the parties. In the stipulation, the parties' agreed, among other things, that the defendant would receive biweekly child support in the sum of $1,003.27. The decision of the Rabbinic Court and the parties' stipulation were incorporated, but not merged, into a judgment of divorce dated December 27, 2014.
In 2017, the defendant filed a petition in Family Court for modification and enforcement of the child support award. The plaintiff moved in the Supreme Court to compel arbitration of those claims before the Rabbinic Court and to stay the Family Court proceeding. The Supreme Court granted the plaintiff's motion, and the defendant appeals.
"Arbitration is a matter of contract grounded in agreement of the parties'" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1141, quoting County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123, 128). "A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations" (Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657, 658; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). An unambiguous agreement "must be enforced according to the plain meaning of its terms" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645). However, if the terms are "reasonably susceptible of more than one interpretation" (Chimart Assoc. [*2]v Paul, 66 NY2d 570, 573), the contract is ambiguous. " The resolution of an ambiguous provision, for which extrinsic evidence may be used, is for the trier of fact'" (Cohen v Cohen, 163 AD3d 762, 763, quoting Boster-Burton v Burton, 92 AD3d 909, 910).
Here, the stipulation is ambiguous as to whether the parties' agreement to arbitrate issues of child support before a Rabbinic Court was subject to a two-year time limit. Since the language cannot be reconciled, the Supreme Court should have held an evidentiary hearing to consider extrinsic evidence as to whether the parties intended their agreement to arbitrate to be limited to a two-year period after entry of the judgment (see CPLR 7503[a]; Cohen v Cohen, 163 AD3d at 763; Boster-Burton v Burton, 92 AD3d at 911; see also Ross v Kent Ave. Prop. 1-B, LLC, 85 AD3d 894, 895). We remit the matter to the Supreme Court, Rockland County, for that purpose, and for a new determination thereafter of the branch of the plaintiff's motion which was to compel arbitration of the modification claims and stay court proceedings thereon.
However, the arbitration clause incorporated into the stipulation did not refer to enforcement of the child support award, and a separate provision incorporated into the stipulation provided the defendant the right to petition "the appropriate legal agency in the State of New York" for enforcement. Accordingly, the parties did not have a clear and unequivocal agreement to arbitrate any claims for enforcement of the child support award, and, therefore, the branch of the plaintiff's motion which sought to compel arbitration of the enforcement claims should have been denied (see Blizzard Cooling, Inc. v Park Devs. & Bldrs., Inc., 134 AD3d 867, 868-869).
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court