Matter of Louie v Plissner (2019 NY Slip Op 05533)





Matter of Louie v Plissner


2019 NY Slip Op 05533


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-09416
2017-09418
 (Docket No. V-00875-13/16A)

[*1]In the Matter of Mary Louie, appellant, 
v
Ian Plissner, respondent.


Francine Scotto, Staten Island, NY, for appellant.
Eric M. Gansberg, Staten Island, NY, for respondent.
Cheryl Charles-Duval, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) a decision of the Family Court, Richmond County (Arnold Lim, J.), dated August 10, 2017, and (2) an order of the same court also dated August 10, 2017. The order, without a hearing, dismissed the mother's petition to modify and, in effect, to enforce a prior so-ordered stipulation relating to custody and parental access.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, the decision is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Richmond County, for a hearing and thereafter a new determination of the mother's petition.
The parties, Mary Louie (hereinafter the mother) and Ian Plissner (hereinafter the father), who were never married, have one child together, who was born in 2007. The parties' so-ordered stipulation of settlement (hereinafter the stipulation) provides that the mother has legal and primary residential custody of the subject child and establishes liberal parental access for the father. In relevant part, the stipulation further states that "the Mother's stated intent to relocate shall be deemed a significant change of circumstances." In November 2016, the mother petitioned, inter alia, to modify the stipulation so as to permit her to relocate with the child from Staten Island to Brooklyn, in order to live with her mother. The father moved to dismiss the petition, contending that the mother failed to sufficiently allege a change of circumstances. In an order dated August 10, 2017, upon a decision of the same date, the Family Court dismissed the mother's petition, without a hearing. The mother appeals.
In order to modify an existing court-approved custody arrangement, there must be a showing that there has been a change in circumstances such that a modification is necessary to ensure the best interests of the child (see Matter of Newton v McFarlane, ___ AD3d ___, 2019 NY Slip Op 04386 [2d Dept 2019]; Matter of Williams v Jenkins, 167 AD3d 758, 760; Gentile v Gentile, 149 AD3d 916, 918). Generally, a custodial parent's request to relocate some significant distance with a child over the noncustodial parent's objection requires the custodial parent to demonstrate that [*2]relocating is in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 739; Matter of Dockery v Reid-O'Garro, 161 AD3d 1147, 1147; Martin v Martin, 139 AD3d 916, 917). Here, the mother demonstrated sufficient merit to the relocation request to warrant a hearing on so much of her petition as sought to relocate with the subject child (see Matter of Dockery v Reid-O'Garro, 161 AD3d at 1147; Martin v Martin, 139 AD3d at 917; Abbott v Abbott, 96 AD3d 887, 888). At that hearing, the court must consider each relocation request " on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child'" (Matter of Williams v Jenkins, 167 AD3d at 760, quoting Matter of Tropea v Tropea, 87 NY2d at 739).
Further, the mother demonstrated that a hearing was warranted to clarify certain ambiguous terms of the stipulation. When the terms of a stipulation of settlement are clear and unambiguous, "the general rule is that the intent of the parties is to be found within the four corners of the agreement, and not from extrinsic evidence" (Boster-Burton v Burton, 92 AD3d 909, 910 [internal quotation marks omitted]; see Rainbow v Swisher, 72 NY2d 106, 109). "Whether an agreement is ambiguous is a question of law for the courts" (Kass v Kass, 91 NY2d 554, 566; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). Here, the relevant provisions of the stipulation are ambiguous as to which party has parental access with the child on certain holidays and as to which party has final decision-making power over the child's education and medical care. Thus, a hearing is needed to resolve these ambiguities.
Accordingly, we remit the matter to the Family Court, Richmond County, for a hearing on the mother's relocation request and to determine the parties' intent with regard to the provisions of the stipulation relating to parental access on holidays and final decision-making power over the child's education and medical care, and thereafter, a new determination of the mother's petition (see Leibowitz v Leibowitz, 143 AD3d 675, 677; Salinger v Salinger, 125 AD3d 747, 749; Boster-Burton v Burton, 92 AD3d at 910; Bianco v Bianco, 21 AD3d 918, 919).
In light of our determination, the mother's remaining contention need not be reached.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court