Abadi v Abadi (2019 NY Slip Op 08168)





Abadi v Abadi


2019 NY Slip Op 08168


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-00729
 (Index No. 50745/12)

[*1]Victoria Abadi, respondent,
v
Joseph Abadi, appellant.


Robert E. Silverberg, Forest Hills, NY, for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York, NY (Jad Greifer and Benjamin A. Lilien of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated July 25, 2012, the defendant appeals from an order of the Supreme Court, Kings County (Jeffrey S. Sunshine, J.), dated November 20, 2017. The order, insofar as appealed from, after a hearing, granted that branch of the plaintiff's cross motion which was for an award of child support arrears in the sum of $47,811.62, and granted those branches of the plaintiff's cross motion and subsequent motion which were for an award of attorney's fees to the extent of awarding the plaintiff attorney's fees in the sum of $10,000.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2007 and have two children together. The parties entered into a postnuptial agreement dated April 5, 2011. They were divorced by a judgment of divorce dated July 25, 2012. The postnuptial agreement was incorporated but not merged into the judgment of divorce.
The defendant filed a motion for certain relief, which is not at issue in this appeal. In January 2015, the plaintiff cross-moved, inter alia, for an award of child support arrears, and for attorney's fees in an amount no less than $35,000. The plaintiff subsequently moved, among other things, for attorney's fees in an amount no less than $55,000, rather than $35,000. The parties disputed whether the postnuptial agreement provided for a minimum monthly child support payment by the defendant, or whether, as the defendant contended, it provided that the defendant's child support obligation was a percentage of his income, with no minimum amount.
In an order dated March 8, 2016, the Supreme Court found that the child support provisions of the postnuptial agreement were ambiguous and referred the matter for an evidentiary hearing on this issue and on the issue of attorney's fees. In an order dated November 20, 2017, after a hearing, the court held that the postnuptial agreement provided for a minimum monthly child support obligation of $1,250 and granted that branch of the plaintiff's motion which was for an award of child support arrears in the sum of $47,811.62. The court also granted those branches of the plaintiff's cross motion and subsequent motion which were for an award of attorney's fees to the [*2]extent of awarding the plaintiff attorney's fees in the sum of $10,000. The defendant appeals.
We agree with the Supreme Court's determination that the postnuptial agreement was ambiguous and that the evidence adduced at the hearing revealed that the parties intended the defendant to have a minimum monthly child support obligation of $1,250. "A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and interpretation" (Matter of Tannenbaum v Gilberg, 134 AD3d 846, 847; see Ayers v Ayers, 92 AD3d 623, 624). Whether a writing is ambiguous is a matter of law for the court, and the proper inquiry is " whether the agreement on its face is reasonably susceptible of more than one interpretation'" (Clark v Clark, 33 AD3d 836, 837, quoting Chimart Assoc. v Paul, 66 NY2d 570, 573; see Salinger v Salinger, 125 AD3d 747, 749; Ayers v Ayers, 92 AD3d at 625).
Here, the relevant provisions of the postnuptial agreement are ambiguous (see Salinger v Salinger, 125 AD3d at 749). Paragraph 6.2 of the postnuptial agreement provides that the defendant shall pay monthly child support in an amount "equal to the sum of (a) 20% of his gross income from all sources up to the first $125,000 of his gross income plus (b) 25% of his gross income from all sources above $125,000 and up to $500,000, until such time as the parties' Children are emancipated." Paragraph 6.3 provides that "[b]ased on the [defendant's] current annual gross income of approximately $75,000 commencing on or before May 1, 2011, the [defendant] shall pay to the [plaintiff] the sum of ONE THOUSAND TWO HUNDRED AND FIFTY ($1,250) DOLLARS per month, as and for the direct support and maintenance of the parties' Children." Paragraph 6.4 provides that "[o]n or before January 30 of each year, to the extent that the [defendant]'s gross income from all sources was greater than $75,000 for the just completed calendar year, the [defendant] shall pay additional direct child support so that his direct child support payments for the prior completed calendar year satisfy the requirements of paragraph 6.2 above. In addition, his monthly direct child support obligations for the current calendar year shall be increased in accordance with paragraph 6.2 . . . The [defendant]'s direct child support obligation shall never be less than the amount set forth in paragraph 6.2 above." These provisions are ambiguous as to whether the parties intended the defendant to have a minimum child support obligation, given that paragraph 6.4 refers to the amount set forth in paragraph 6.2, but paragraph 6.2 provides for child support based on certain percentages of income, and paragraph 6.4 refers to the payment of "additional" and "increased" child support payments, which suggests that there is a minimum child support obligation.
"Where a stipulation of settlement is susceptible of differing interpretations and is thus ambiguous, a court is entitled to rely upon the language of the entire agreement and the circumstances surrounding its execution in construing the provision'" (Palaia v Palaia, 158 AD3d 719, 720-721, quoting Noren v Babus, 144 AD3d 762, 764; see Driscoll v Driscoll, 45 AD3d 723). Thus, extrinsic evidence of the parties' intent may be considered if the agreement is ambiguous (see Greenfield v Philles Records, 98 NY2d 562, 566).
Here, the evidence adduced at the hearing included the plaintiff's testimony, a draft version of the postnuptial agreement, and a sworn statement of net worth dated February 8, 2015, in which the defendant stated that he had no income in 2015 but had a monthly expense of $1,250 for child support. This evidence reveals that the parties intended that the defendant's monthly child support obligation would never be less than the amount set forth in paragraph 6.3, $1,250 per month, and that the reference to "the amount set forth in paragraph 6.2" was a typographical error. Moreover, we accord deference to the Supreme Court's determination that the plaintiff testified credibly regarding the parties' intent and that the defendant was evasive as to this issue (see Cutroneo v Cutroneo, 140 AD3d 1006, 1009).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding attorney's fees to the plaintiff (see Domestic Relations Law §§ 237[b], 238).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court