■ Optima Communications, Inc., Appellant, v Computer Telephone Communications, Inc., Respondent. [726 NYS2d 277] —In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Murphy, J.), dated November 3, 1999, which is in its favor and against the defendant in the sum of only $4,115 and directed it to pay 75% of the $18,000 referee's fee.

Ordered that the judgment is modified, as a matter of discretion, by deleting the provision thereof apportioning the referee's fee 75% to the plaintiff and 25% to the defendant and substituting therefor a provision apportioning the fee 50% to the plaintiff and 50% to the defendant; as so modified, the judgment is affirmed, without costs or disbursements.

The finding of the referee, who was appointed to "hear and determine" (CPLR 4301), that the testimony of the plaintiff's witnesses was not credible, should not be disturbed on appeal (*see, Matter of Krissler Bus. Inst. [King],* 244 AD2d 486). The unambiguous language of the agreement at issue provided that the plaintiff would be paid upon payment to the defendant from the third-party telephone company (*see, Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548; *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Cannistra v Kramer & Shapiro,* 242 AD2d 653, 654; *see also, Menorah Nursing Home v Zukov,* 153 AD2d 13, 20; *Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.,* 49 AD2d 60, *affd* 40 NY2d 883). Thus, the referee properly calculated the amount of damages in accordance with the agreement.

Under the facts of this case, the allocation of the referee's fee between the parties was an improvident exercise of discretion. The fee should be divided equally between the parties (*see, H & Y Realty Co. v Baron,* 193 AD2d 429).

The plaintiff's remaining contentions are without merit. Altman, J. P., Goldstein, Friedmann and Cozier, JJ., concur.