■ SEYMOUR SIEGEL, Respondent, v SHELDON GOLUB et al., Appellants, et al., Defendant. [729 NYS2d 755] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Sheldon Golub and Golda Golub appeal from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated September 18, 2000, as granted the plaintiff's cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

By agreement dated July 21, 1997, the defendants Sheldon Golub and Golda Golub (hereinafter the defendants) were granted an option to purchase certain real property from the plaintiff for the price of $500,000. After the execution of the agreement, the defendants resided on the property and paid all carrying charges. The agreement provided that in recognition of sums expended by the plaintiff to acquire the property for

the benefit of the defendants, i.e., the $100,000 down payment, the defendants would repay that sum to the plaintiff on or before the sale of the property by the plaintiff to the defendants. The agreement, however, made no provision for the $100,000 payment if the plaintiff sold the property to a third party. Upon the defendants' exercise of their option to purchase, the plaintiff demanded the sum of $100,000 in addition to the $500,000 purchase price. The defendants refused, and the plaintiff commenced the instant action to recover the additional sum. The Supreme Court awarded the plaintiff summary judgment. We reverse.

Whether a writing is ambiguous is a question of law to be resolved by the courts (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). Determination of the intent of the parties to a contract can be made as a matter of law without trial where that intent is discernible from the four corners of an unambiguously-worded agreement (see, Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169; Pouch Term. v Hapag-Lloyd [Am.], 172 AD2d 735). Where, however, the language of a contract is susceptible of varying but reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of the fact (see, State of New York v Home Indem. Co., 66 NY2d 669, 671).

When the agreement is read in its entirety, whether the parties intended that the $100,000 was to be included in the $500,000 purchase price or was a separate obligation of the defendants cannot be determined as a matter of law. Since triable issues of fact exist as to the intention of the parties, the award of summary judgment to the plaintiff was improper (see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290-291; Pouch Term. v Hapag-Lloyd [Am.], supra). Goldstein, J. P., Friedmann, McGinity and Adams, JJ., concur.