■ MANINDER CHANDI, Doing Business as MEHTAB CONSTRUCTION CO., Respondent, v HARI K. SHUKLA, Appellant, et al., Defendant. [764 NYS2d 142] —In an action, inter alia, to recover

damages for breach of contract, the defendant Hari K. Shukla appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated May 1, 2002, as, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $79,082.32.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Judicial Hearing Officer properly concluded that the parties did not achieve a meeting of the minds with respect to the material terms of an agreement to modify the original contract for the renovation of a house owned by the defendants (*see Martin Delicatessen v Schumacher,* 52 NY2d 105, 109-110 [1981]; *Central Fed. Sav. v National Westminster Bank, U.S.A.,* 176 AD2d 131 [1991]; *see generally Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482-483 [1989]). The agreement to modify the contract provided that all of the terms and conditions of the original contract, including price and payment terms, would remain in effect, and further, that the scope of work for the modified plan would follow in writing. No scope of work was ever furnished to the plaintiff in writing, and the plaintiff testified that, without the scope of work set forth in writing, he was unable to estimate the cost of the modifications. The plaintiff claimed that the modification agreement reaffirmed the original contract price for the original contract work, but that the price of the modified work under the amended plan was to depend upon the scope of work set forth in writing. In contrast, the appellant claimed that the parties had agreed that the original contract price was to cover the additional work under the modified plan as well.

There was an ambiguity in the agreement to modify the contract regarding the price for the work to be performed thereunder. Since the language of the amended contract could reasonably support either party's interpretation, the Judicial Hearing Officer properly considered extrinsic evidence (*see State of New York v Home Indem. Co.,* 66 NY2d 669, 671 [1985]; *Siegel v Golub,* 286 AD2d 489, 490 [2001]; *cf. Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *Chimart Assoc. v Paul,* 66 NY2d 570, 573 [1986]). The Supreme Court's conclusion that the parties did not agree to the price for the work to be performed under the modification agreement was supported by the record.

The appellant's remaining contentions are without merit. Goldstein, J.P., Luciano, Townes and Crane, JJ., concur.