■ In the Matter of JEAN C. MAHONEY, Appellant, v WILLIAM C. GOGGINS, Respondent. [786 NYS2d 536]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Blass, J.), entered February 10, 2004, which denied her objections to an order of the same court (Buetow, S.M.), entered December 11, 2003, denying her application for upward modification of the father's child support obligation.

Ordered that the order entered February 10, 2004, is reversed,

on the law, the objections are sustained, the order entered December 11, 2003, is vacated, and the matter is remitted to the Family Court, Suffolk County, for an evidentiary hearing and a new determination in accordance herewith.

The parties were divorced by a judgment dated December 9, 1996. A stipulation governing applications for modification of child support was incorporated but not merged into the judgment.

There is an ambiguity in the stipulation governing whether periodic petitions for modification would each be resolved by de novo review of the respondent father's income, or whether the respondent's income would be considered solely in regard to the first application, after which the petitioner would be required to show extraordinary circumstances in order to obtain an increase in support payments. The language of the stipulation could reasonably support either party's interpretation; accordingly, the Support Magistrate should have ordered a hearing to resolve this ambiguity (*see State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *Chandi v Shukla*, 308 AD2d 427 [2003]; *Pellot v Pellot*, 305 AD2d 478 [2003]; *Siegel v Golub*, 286 AD2d 489 [2001]). Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.