■ SHELDON M. WEISS, Respondent, v WEINREB & WEINREB et al., Appellants. [793 NYS2d 100]—

In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered September 11, 2003, which, upon an order of the same court dated August 8, 2003, granting the plaintiff's motion to confirm the referee's report and directing them to pay a referee's fee in the sum of $18,302, is in favor of the plaintiff and against them in the principal sum of $96,172.32, and, in effect, directed them to pay the entire referee's fee.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof, in effect,

directing the defendants to pay the entire referee's fee and substituting therefor a provision apportioning the fee 50% to the plaintiff and 50% to the defendants; as so modified, the judgment is affirmed, without costs or disbursements, and the order is modified accordingly.

The plaintiff is an attorney who provided services to the defendant law firm, Weinreb & Weinreb, for several years commencing in 1989. In 1995 the parties entered into a written agreement governing the fees that would be due the plaintiff upon his death or departure from the firm. A paragraph of the agreement which provided for payment to the plaintiff in connection with certain cases (hereinafter the paragraph B cases) failed to specify whether payment was to be based on a percentage of gross or of net fees earned by the defendant law firm.

Since the provision in question was susceptible to two different interpretations, the resolution of this ambiguity was for the trier of fact and may be based on extrinsic evidence (*see State of New York v Home Indem. Co.,* 66 NY2d 669, 671 [1985]; *Chandi v Shukla,* 308 AD2d 427, 428 [2003]; *Siegel v Golub,* 286 AD2d 489, 490 [2001]; *cf. Chimart Assoc. v Paul,* 66 NY2d 570, 572-573 [1986]). The referee's conclusion that the parties intended that the plaintiff receive a percentage of the gross settlement obtained in the paragraph B cases was supported by the record. The referee's other computations were properly based on the express terms of the agreement, as well as upon consideration of the extrinsic evidence to resolve ambiguity.

The Supreme Court exercised its discretion improvidently, however, in directing the defendants to pay the entire referee's fee. That fee should be borne equally by the parties (*see Optima Communications v Computer Tel. Communications,* 284 AD2d 381 [2001]; *H & Y Realty Co. v Baron,* 193 AD2d 429, 430 [1993]).

The defendants' remaining contentions are without merit. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.