CLARA NAPPY, Now Known as CLARA ESTRADA, Appellant, v NICHOLAS NAPPY, Respondent. [836 NYS2d 256]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated March 20, 2006, as, upon renewal, adhered to the determination in a prior order of the same court (Oliver, J.), dated February 15, 2005, denying that branch of her motion which was for summary judgment on the second cause of action, and directed her to

prepare and serve an accounting of the college expenses of the parties' son.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the plaintiff to prepare and serve an accounting of the college expenses of the parties' son; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The parties entered into a stipulation of settlement dated March 12, 1999, which was incorporated, but not merged, into a judgment of divorce dated June 1, 1999. Subsequently, in August or September 1999, the defendant executed a document which read as follows: "I agree to pay you $1900.00 per month for a period of 60 months starting August 1999. These monies are to be used to pay the second mortage [sic] on the house and for our son Nicholas to attend college."

Upon renewal, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on her second cause of action alleging breach of contract. Contrary to both parties' contentions, the document is ambiguous. "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). An agreement is ambiguous when "the agreement on its face is reasonably susceptible of more than one interpretation" (Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]). In deciding whether an agreement is ambiguous, the court " 'should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed' " (Kass v Kass, 91 NY2d 554, 566 [1998], quoting Atwater & Co. v Panama R.R. Co., 246 NY 519, 524 [1927]). If the court concludes that the agreement is ambiguous, extrinsic evidence may be used to discern its meaning (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Resolution of the ambiguity is for the trier of fact (see State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]).

Considering the document as a whole and the circumstances under which it was executed (see Kass v Kass, supra at 566), it is unclear whether the defendant's obligation under the document was, as the plaintiff contends, solely to pay the amounts stated therein in full or whether his obligation was, as he contends, limited by the amounts due on the second mortgage and by any amounts expended in payment of the son's college expenses. In light of that ambiguity, there are issues of fact which preclude a grant of summary judgment to either party (see Pellot v Pellot, 305 AD2d 478, 481 [2003]; Siegel v Golub, 286 AD2d 489, 490 [2001]). For the same reason, the direction

to the plaintiff to provide an accounting of the college expenses of the parties' son was premature.

The plaintiff's remaining contention is without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.