In an action, inter alia, to recover damages for breach of contract, the defendants, Bethpage Union Free School District and School Construction Consultants, Inc., appeal from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered March 9, 2009, as denied the motion of the defendant Bethpage Union Free School District for summary judgment dismissing the plaintiffs claim insofar as asserted against it for additional compensation in the sum of $214,971.47 for the performance of certain work in connection with the subject contract, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment on the same claim for additional compensa *988 tion insofar as asserted against the defendant Bethpage Union Free School District.
Ordered that the appeal by the defendant School Construction Consultants, Inc., is dismissed, without costs or disbursements, as abandoned (see 22 NYCRR 670.8 [e]), and on the additional ground that the defendant School Construction Consultants, Inc., is not aggrieved by the order appealed from (see CPLR.5511); and it is further,
Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
“Whether or not a writing is ambiguous is a question of law to be resolved by the courts” (WWW Assoc, v Giancontieri, 'll NY2d 157, 162 [1990]). A contract is ambiguous when “ ‘the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings’ ” (Geothermal Energy Corp. v Caithness Corp., 34 AD3d 420, 423 [2006], quoting Feldman v National Westminster Bank, 303 AD2d 271, 271 [2003]). In deciding whether the writing is ambiguous, the court “ ‘should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed’ ” (Kass v Kass, 91 NY2d 554, 566 [1998], quoting Atwater & Co. v Panama R.R. Co., 246 NY 519, 524 [1927]). If the court concludes that the language in the contract is ambiguous, “the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact” (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]; see Nappy v Nappy, 40 AD3d 825, 826 [2007]; Geothermal Energy Corp. v Caithness Corp., 34 AD3d at 424; Weiss v Weinreb & Weinreb, 17 AD3d 353 [2005]).
Here, an ambiguity exists as to whether the subject contract required the plaintiff to perform the work in question. Thus, the Supreme Court correctly determined that there are triable issues of fact which precluded an award of summary judgment to either party (see Geothermal Energy Corp. v Caithness Corp., 34 AD3d at 424; Pellot v Pellot, 305 AD2d 478, 481 [2003]; Nappy v Nappy, 40 AD3d at 826; Siegel v Golub, 286 AD2d 489, 490 [2001]). Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.