■ Sophia H. Kang, Respondent-Appellant, v Edward C. Kim, Appellant-Respondent. [954 NYS2d 71]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about November 3, 2011, which, insofar as appealed from as limited by the briefs, granted plaintiff wife's motion to direct defendant husband to comply with the terms of the parties' agreement regarding plaintiff's option to buy out defendant's share of the former marital residence, with the agreement terms to be given the meaning ascribed to them by plaintiff, but declined to address the issue of the validity of

defendant's appraiser's report, and denied defendant's cross motion to reform the terms of the parties' agreement, unanimously modified, on the law, to the extent of denying the motion, and otherwise affirmed, without costs.

The parties entered into a property settlement and support agreement in connection with their divorce, which provides, as relevant here, that the wife shall have exclusive possession of the marital residence, a cooperative apartment, until the occurrence of specified events (such as the wife's remarriage or the parties' child becoming 16 years old), upon which the residence would be sold. The agreement also states that after January 1, 2011, the wife shall have the right to purchase the husband's interest in the apartment. The clause at issue provides: "If the parties are unable to agree as to the terms for such purchase within 30 days of the day that the Wife gave notice to the Husband then the value of the Husband's interest (the 'buy-out price') shall be one half of the value of the apartment as determined by a Real Estate Appraisers [sic] agreed to by the parties less the outstanding amount owed upon the First Mortgage."

The wife asserts, and the motion court agreed, that this provision of the agreement is unambiguous and that the buyout price is one half of the value of the apartment less the entire outstanding amount of the mortgage, whereas the husband asserts that the buyout price is half the value of the apartment less the wife's share of the mortgage, which is one half of the outstanding amount of the mortgage. In other words, the husband asserts that the buyout price is one half of the equity in the apartment.

Upon examination of the settlement agreement in its entirety, " 'and consider[ing] the relation of the parties and the circumstances under which it was executed' " (*Kass v Kass*, 91 NY2d 554, 566 [1998], quoting *Atwater & Co. v Panama R.R. Co.*, 246 NY 519 [1927]), the agreement is ambiguous because the provision is " 'reasonably susceptible of more than one interpretation' " (*China Privatization Fund [Del], L.P. v Galaxy Entertainment Group Ltd.*, 95 AD3d 769, 770 [1st Dept 2012], quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *see also NFL Enters. LLC v Comcast Cable Communications, LLC*, 51 AD3d 52, 58 [1st Dept 2008]). Notably, the agreement also provides that all marital property is to be divided 50/50 and that if the premises are sold to a third party, the "net proceeds of sale" shall be divided equally. In light of the ambiguity, the construction of the provision is for the trier of fact (*NFL Enters. LLC*, 51 AD3d at 61; *see also Nappy v Nappy*, 40 AD3d 825, 826 [2d Dept 2007]).

The motion court was correct in declining to address the issue relating to the validity of defendant's appraiser's report, since that issue was not before it.

We have considered the parties' remaining contentions and find them unavailing. Concur—Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.