■ JOAN V. DOBBS, Respondent-Appellant, v NORTH SHORE HEMATOLOGY-ONCOLOGY ASSOCIATES, P.C., Defendant, and E. ROY BERGER et al., Appellants-Respondents. [965 NYS2d 520]—

In an action to recover damages for breach of contract, the defendants E. Roy Berger, Edward T. Samuel, Harish K. Malhotra, Michael E. Theodorakis, Regina L. Jablonski, William J. Lipera, and Martin J. Silverstein appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 3, 2011, as denied their motion for summary judgment dismissing the complaint insofar

as asserted against them, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment on the issue of liability against those defendants.

Ordered that the order is affirmed, without costs or disbursements.

"Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *see Bana Elec. Corp. v Bethpage Union Free School Dist.*, 76 AD3d 987, 988 [2010]). " 'Ambiguity is present if language was written so imperfectly that it is susceptible to more than one reasonable interpretation' " (*Critelli v Commonwealth Land Tit. Ins. Co.*, 98 AD3d 556, 557 [2012], quoting *Brad H. v City of New York*, 17 NY3d 180, 186 [2011]; *see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]; *Geothermal Energy Corp. v Caithness Corp.*, 34 AD3d 420, 423 [2006]). When a term or clause is ambiguous, "the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact" (*State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *see Bana Elec. Corp. v Bethpage Union Free School Dist.*, 76 AD3d at 988; *Geothermal Energy Corp. v Caithness Corp.*, 34 AD3d at 424).

Contrary to the parties' contentions, an ambiguity exists as to whether the contract in question held the defendants E. Roy Berger, Edward T. Samuel, Harish K. Malhotra, Michael E. Theodorakis, Regina L. Jablonski, William J. Lipera, and Martin J. Silverstein, as individual physician shareholders of North Shore Hematology-Oncology Associates, P.C. (hereinafter the corporation), to be personally liable for, inter alia, payments owed to the plaintiff, a withdrawing physician shareholder, by the corporation. Further, the parties proffered extrinsic evidence raising questions of credibility from which conflicting inferences may be drawn (*see Geothermal Energy Corp. v Caithness Corp.*, 34 AD3d at 424; *see generally State of New York v Home Indem. Co.*, 66 NY2d at 671-672). Accordingly, none of the parties was entitled to judgment as a matter of law (*see Bana Elec. Corp. v Bethpage Union Free School Dist.*, 76 AD3d at 988; *Geothermal Energy Corp. v Caithness Corp.*, 34 AD3d at 424; *Pellot v Pellot*, 305 AD2d 478, 481 [2003]; *Nappy v Nappy*, 40 AD3d 825, 826 [2007]; *Siegel v Golub*, 286 AD2d 489, 490 [2001]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.