(November 9, 2016)

■ ARNELL CONSTRUCTION CORPORATION, Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [41 NYS3d 101]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens

County (Sampson, J.), entered June 20, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

The instant action arises out of a contract between the defendant and the plaintiff for the renovation of a public school and the construction of a five-story addition to the school. The plaintiff was the general contractor for the project. On May 21, 2009, the defendant directed the plaintiff to install a sidewalk shed around the existing school building while work was being performed on the roof, and the plaintiff installed the sidewalk shed. A dispute arose concerning whether the plaintiff was responsible under the contract to install the sidewalk shed. The plaintiff asserted that this constituted extra work and requested that the defendant compensate the plaintiff for the cost of the installation, maintenance, and dismantling of the sidewalk shed. The defendant refused to compensate the plaintiff.

The plaintiff commenced this action to recover damages for breach of contract, alleging that it was entitled to compensation for the sidewalk shed that it installed around the existing school building. The defendant asserted that the plaintiff was obligated to install the sidewalk shed because the contract required the plaintiff to "install and maintain sidewalk sheds" in "areas within the property lines . . . [where] necessary to provide proper protection to the school population, workers and pedestrians," and to comply with "the provisions of all applicable State and City laws, rules, regulations and requirements pertaining to building code safety requirements," including the New York City Building Code. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.

The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach (see Legum v Russo, 133 AD3d 638, 639 [2015]). A contractor may properly recover payment

for extra work that is not contemplated by the terms of the original agreement, and which is performed at the direction of the defendant (*see Hi-Amp Elec. Contr. Corp. v Maximum Mech. Corp.*, 37 AD3d 541, 541-542 [2007]). However, a contractor may not recover for any alleged extra work that was actually covered by the terms of the original contract (*see Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 910 [2011]; *Ludemann Elec., Inc. v Dickran*, 74 AD3d 1155, 1156 [2010]; *Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d 230, 231 [1993]; *Savin Bros. v State of New York*, 62 AD2d 511, 516 [1978], *affd* 47 NY2d 934 [1979]).

" '[W]hen parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms' " (*Sabco Corp. v Marquise Constr. Corp.*, 136 AD3d 1012, 1013-1014 [2016], quoting *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). Extrinsic evidence may not be considered unless the document itself is ambiguous (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). " 'Ambiguity is present if language was written so imperfectly that it is susceptible to more than one reasonable interpretation' " (*Critelli v Commonwealth Land Tit. Ins. Co.*, 98 AD3d 556, 557 [2012], quoting *Brad H. v City of New York*, 17 NY3d 180, 186 [2011]; *see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). When a term or clause is ambiguous, "the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact" (*State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]).

Here, in support of its motion for summary judgment, the defendant failed to establish, prima facie, that the contract obligated the plaintiff to install a sidewalk shed around the existing school building pursuant to the New York City Building Code. Both the 1968 Building Code of City of New York and the 2008 New York City Building Code require the installation of sidewalk shedding when certain construction work is performed (*see* 1968 Building Code of City of NY [Administrative Code of City of NY] § 27-1021; 2008 NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 3307.3.1). Contrary to the Supreme Court's determination, there was evidence that the defendant elected to perform the work on the existing school building in accordance with the 1968 Code, instead of the 2008 Code (*see* Administrative Code

of City of NY § 28-101.4.2). However, regardless of whether the defendant elected to perform the work in compliance with the 1968 Code or the 2008 Code, the defendant failed to submit evidence demonstrating the scope of the work that was conducted on the roof of the existing building. Therefore, the defendant failed to establish, prima facie, that the plaintiff was engaged in the kind of construction work that required a sidewalk shed under the 1968 Code or the 2008 Code, and thus, that the plaintiff was obligated under the contract to install the sidewalk shed.

Similarly, in support of its cross motion for summary judgment, the plaintiff failed to establish, prima facie, that it was not obligated to install the sidewalk shed under the New York City Building Code. Regardless of whether the 1968 Code or the 2008 Code applied, the affidavits submitted by the plaintiff in support of its cross motion were conclusory and failed to provide adequate evidence of the scope of the work that was performed on the roof of the existing building. Accordingly, the plaintiff failed to establish, prima facie, that it was not obligated under the contract to install the sidewalk shed pursuant to the New York City Building Code.

Further, the contract provision requiring the plaintiff to install sidewalk shedding "to provide proper protection to the school population, workers and pedestrians" is ambiguous with respect to whether it obligated the plaintiff to install a sidewalk shed around the existing building. Moreover, contrary to the Supreme Court's conclusion, the provision in the contract providing that the plaintiff must install "sidewalk sheds and/or fences . . . in the most conservative manner" is also ambiguous as to whether the plaintiff was required to install a sidewalk shed around the existing building and is subject to different interpretations. The parol evidence submitted by the plaintiff does not conclusively resolve this ambiguity. Thus, in light of these ambiguities as to whether the contract required the plaintiff to perform the work in question, there are triable issues of fact which preclude a grant of summary judgment to either party (*see QPBC, Inc. v Total Auto. Warehouse, Inc.*, 117 AD3d 703, 704 [2014]; *Bana Elec. Corp. v Bethpage Union Free School Dist.*, 76 AD3d 987, 988 [2010]; *JP Morgan Chase Bank, N.A. v Cellpoint Inc.*, 54 AD3d 366, 368 [2008]; *Nappy v Nappy*, 40 AD3d 825, 826 [2007]; *Geothermal Energy Corp. v Caithness Corp.*, 34 AD3d 420, 424 [2006]).

Accordingly, while the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the complaint, it also should have denied the defendant's motion

for summary judgment dismissing the complaint. Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.