Village of Spring Val. v Post Off. Sq., LLC (2022 NY Slip Op 07090)

Village of Spring Val. v Post Off. Sq., LLC

2022 NY Slip Op 07090

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-10838
 (Index No. 32220/18)

[*1]Village of Spring Valley, respondent,
v
Post Office Square, LLC, et al., appellants.

Kevin Conway, New City, NY, for appellants.
Harris Beach PLLC, White Plains, NY (Brian D. Ginsberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff is the sole fee owner of certain real property and that the defendants have no interest in the property, the defendants appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated August 12, 2019. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint and directed the defendant Post Office Square, LLC, to reconvey the subject property to the plaintiff pursuant to the terms of a development agreement between the parties.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is denied.
In November 2009, the plaintiff, Village of Spring Valley, in furtherance of an urban renewal plan, entered into a development agreement (hereinafter the agreement) with the defendant Post Office Square, LLC (hereinafter Post Office Square), whereby, inter alia, the Village agreed to convey a certain parcel of real property to Post Office Square for the purpose of constructing a three-story mixed-use building on the site. Article II, § 2.01 of the agreement, entitled "Development Activities," provided, in pertinent part, that Post Office Square was obligated "to commence planning and design for the Project immediately upon the signing of th[e] agreement and commence construction immediately after conveyance of the parcel." Section 2.01 further provided that if Post Office Square did not "commence construction as required," then Post Office Square "shall re-convey to the Village by bargain and sale deed in its 'as is' condition any property conveyed hereby." Pursuant to the terms of the agreement, construction was to be completed "with[in] two (2) years of the issuance of a Building Permit, unless extraordinary and unanticipated weather circumstances prevent same." Article VIII, § 8.01 of the agreement permitted either party, among other things, to terminate the agreement and to exercise "all other rights or remedies available to it at law or in equity" in the event of certain specified defaults, including the "failure of [Post Office Square] to substantially complete construction."
In January 2013, more than three years after the execution of the agreement, the Village conveyed the property to Post Office Square. In June 2013, Post Office Square applied for a building permit for the project, which was issued on June 10, 2013. The record is not clear as to [*2]when construction commenced. On December 13, 2017, a Village deputy building inspector issued Post Office Square a new building permit for the project, which contained an expiration date of December 13, 2018. In March 2018, the Village sent counsel for Post Office Square a letter declaring Post Office Square to be in default of the agreement for, among other things, commencing construction without a valid permit, failing to commence construction as required, and failing to complete construction within two years of the issuance of a building permit. In April 2018, the Village commenced this action against Post Office Square and its principal, the defendant Larry Weinstein, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the Village is the sole fee owner of the subject property and that the defendants have no interest in the property. The Village alleged that the defendants failed to complete development of the property pursuant to the terms of the agreement, and that, "by virtue of this Verified Complaint," the Village was exercising the "'reverter' clause (Article II, § 2.01)" in the agreement.
The Village subsequently moved for summary judgment on the complaint, contending that the subject property should be returned to the Village pursuant to Article II, § 2.01 of the agreement because, despite the passage of almost nine years since the execution of the agreement, the property still had not been substantially developed and there were approximately $200,000 in mechanics liens filed against the property. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against Weinstein. The defendants contended, among other things, that § 2.01 was only triggered in the event Post Office Square did not commence construction and there was no allegation by the Village that construction had not commenced. Additionally, the defendants argued that, prior to the commencement of this action, Post Office Square had spent approximately $2.5 million on the project and that, on December 13, 2017, the Village deputy building inspector issued Post Office Square a building permit to finish construction of the building, which listed the estimated cost to complete construction as only $350,000. The defendants further contended that between December 13, 2017, and April 17, 2018, Post Office Square continued to improve the property pursuant to the December 2017 building permit, and that Post Office Square had vested rights in the property. In its reply in further support of its motion and in opposition to the defendants' cross motion, the Village argued, inter alia, that the defendants had failed to commence construction "as required" because the defendants did not apply for a building permit until June 2013 and, thus, construction was not started until almost six months after title was conveyed from the Village to Post Office Square.
In the order appealed from, the Supreme Court granted the Village's motion for summary judgment on the complaint, denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against Weinstein, and directed Post Office Square to reconvey the property to the Village pursuant to the terms provided in the agreement. The court determined, among other things, that Post Office Square's "six-month delay in obtaining a building permit after the property was conveyed to it was not immediate commencement of construction," and, therefore, Post Office Square had failed to comply with § 2.01 of the agreement. The defendants appeal from so much of the order as granted the Village's motion for summary judgment and directed Post Office Square to reconvey the property to the Village pursuant to the terms provided in the agreement. We reverse the order insofar as appealed from.
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1390, 1393). "It is the role of the courts to enforce the agreement made by the parties—not to add, excise or distort the meaning of the terms they chose to include, thereby creating a new contract under the guise of construction" (NML Capital v Republic of Argentina, 17 NY3d 250, 259-260; see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d at 1393). "Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous" (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 278; see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 716). Ambiguity exists "if language was written so imperfectly that it is susceptible to more than one reasonable interpretation" (Brad H. v City of New York, 17 NY3d 180, 186; see Critelli v Commonwealth Land Tit. Ins. Co., 98 AD3d 556, 557). "When a term or clause is [*3]ambiguous, 'the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact'" (Arnell Const. Corp. v New York City Sch. Const. Auth., 144 AD3d at 716, quoting State of New York v Home Indem. Co., 66 NY2d 669, 671).
Here, the Village failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In support of its motion, the Village primarily contended that the subject property should be returned to it under the "reverter" clause in the agreement (Article II, § 2.01) because the property had not been substantially developed. Section 2.01 of the agreement, however, permitted reconveyance of the property to the Village only in the event Post Office Square did not "commence construction as required," and not based on a failure to substantially develop the property. Further, the Supreme Court determined that Post Office Square's six-month delay in obtaining a building permit following the conveyance of the property constituted a failure to "immediately" commence construction within the meaning of § 2.01, despite the term "immediately" not being defined in the agreement, and despite that provision being susceptible to more than one reasonable interpretation (see generally Critelli v Commonwealth Land Tit. Ins. Co., 98 AD3d at 557). Moreover, the Village invoked the "reverter" clause nearly five years after the issuance of the initial building permit and failed to establish when construction actually commenced. Accordingly, the Village failed to establish, prima facie, that Post Office Square did not "commence construction as required" under § 2.01 of the agreement.
Further, the Village did not demonstrate that the alleged failure of Post Office Square to complete construction entitled the Village to reconveyance of the property under the terms of the agreement and, in any event, the Village failed to establish, prima facie, that Post Office Square did not complete construction as defined by the agreement. Although the Village contended that construction was not completed as required because it was not finished within two years of the issuance of "a Building Permit" in June 2013, the Village issued Post Office Square a new building permit in December 2017. Nevertheless, the Village then declared Post Office Square to be in default approximately three months later and commenced this action approximately four months later.
Under the circumstances, the Village failed to eliminate triable issues of fact as to whether Post Office Square breached the agreement and, if so, whether such breach permitted reconveyance of the property to the Village under the terms of the agreement. Since the Village failed to satisfy its prima facie burden, its motion for summary judgment on the complaint should have been denied, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants, in their main brief on appeal, did not raise any argument regarding the denial of their cross motion for summary judgment dismissing the complaint insofar as asserted against Weinstein. The argument was raised for the first time in the defendants' reply brief. Thus, the defendants abandoned whatever argument they may have had with respect to the Supreme Court's denial of their cross motion for summary judgment (see Shaw v Bluepers Family Billiards, 94 AD3d 858, 860; Levy v Kung Sit Huie, 54 AD3d 731, 732).
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court