C&L Funding Co., LLC v Intercounty Paving Assoc., LLC (2023 NY Slip Op 02103)

C&L Funding Co., LLC v Intercounty Paving Assoc., LLC

2023 NY Slip Op 02103

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-00059
 (Index No. 608543/19)

[*1]C & L Funding Co., LLC, appellant, 
v
Intercounty Paving Associates, LLC, defendant, Carl J. Lizza, et al., defendants-respondents; Zurich American Insurance Company, intervenor-respondent.

Beattie Padovano, LLC, Nyack, NY (Martin R. Kafafian and Joseph A. DiPisa III of counsel), for appellant.
Lipsky Portales PA, New York, NY (Sean M. Lipsky of counsel), for defendants-respondents.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, NY (Brian E. Gunther and Mark S. Gamell of counsel), for intervenor-respondent.

DECISION & ORDER
In an action to recover on a promissory note and a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 2, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment in lieu of complaint and granted that branch of the intervenor's separate motion which was pursuant to CPLR 3211(a)(1) to dismiss the action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the intervenor's separate motion which was pursuant to CPLR 3211(a)(1) to dismiss the action, and substituting therefor a provision denying that branch of the separate motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, payable by the intervenor.
On October 9, 2018, the plaintiff, the defendant Intercounty Paving Associates, LLC (hereinafter Intercounty), the defendants Carl J. Lizza and John F. Lizza (hereinafter together the Lizzas), and the intervenor, Zurich American Insurance Company (hereinafter Zurich), entered into three agreements. First, the plaintiff and Intercounty entered into a note modification agreement, whereby they agreed that the outstanding balance owed by Intercounty to the plaintiff on the underlying promissory note between them was $5,804,184.02. Second, the plaintiff and the Lizzas entered into a guaranty, whereby the Lizzas agreed to guarantee Intercounty's obligations to the plaintiff under the note and a related security agreement. Third, the plaintiff, Intercounty, and Zurich entered into a subordination agreement, which is the subject of this appeal. Thereafter, by summons and motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff commenced this action against Intercounty and the Lizzas to recover on the note and the guaranty. The plaintiff subsequently discontinued the action insofar as asserted against Intercounty. Zurich moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the action. The Supreme Court, among other things, denied the plaintiff's motion for summary judgment in lieu of complaint and granted [*2]that branch of Zurich's separate motion which was to dismiss the action. The plaintiff appeals.
"Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (Nappy v Nappy, 40 AD3d 825, 826 [internal quotation marks omitted]; see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 716). "An agreement is ambiguous when the agreement on its face is reasonably susceptible of more than one interpretation" (Nappy v Nappy, 40 AD3d at 826 [internal quotation marks omitted]; see Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d 705, 707). "In deciding whether an agreement is ambiguous, the court should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed" (Nappy v Nappy, 40 AD3d at 826 [internal quotation marks omitted]). "Resolution of the ambiguity is for the trier of fact" (id.; see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716).
Here, contrary to the Supreme Court's determination that the subordination agreement prohibited this action against the Lizzas, the subordination agreement was ambiguous, thus precluding either dismissal or summary judgment (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716-717; Nappy v Nappy, 40 AD3d at 826). The subordination agreement was "reasonably susceptible of more than one interpretation" in that it had clauses suggesting both that the plaintiff and Zurich intended to subordinate only the plaintiff's rights against Intercounty and that the plaintiff and Zurich intended for the subordinate indebtedness to include the plaintiff's rights against the Lizzas (Nappy v Nappy, 40 AD3d at 826 [internal quotation marks omitted]; see Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d at 707). Since the subordination agreement was ambiguous, neither dismissal under CPLR 3211(a)(1) nor summary judgment was appropriate, as "[r]esolution of the ambiguity is for the trier of fact" (Nappy v Nappy, 40 AD3d at 826; see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court