Grove Realty Enters., Inc. v Budde Agency, Inc. (2024 NY Slip Op 05578)

Grove Realty Enters., Inc. v Budde Agency, Inc.

2024 NY Slip Op 05578

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-08563
 (Index No. 609185/20)

[*1]Grove Realty Enterprises, Inc., respondent, 
v
Budde Agency, Inc., appellant.

Kaufman Dolowich, LLP, White Plains, NY (Stephen C. Cunningham of counsel), for appellant.
Patricia Byrne Blair, Blue Point, NY, for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated June 23, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Grove Realty Enterprises, Inc. (hereinafter Grove), owns the Grove Hotel, which is located in Cherry Grove. Arch Specialty Insurance Company (hereinafter Arch) issued a commercial property insurance policy for the period of September 25, 2014, to September 24, 2015, which was procured by the defendant, an insurance broker. On March 27, 2015, a fire destroyed the Grove Hotel.
On April 8, 2016, Grove executed a partial policyholder's release (hereinafter the partial release) in consideration of a payment from Arch in the sum of $1,687,491.91. The partial release provided, in relevant part, that Grove "forever discharge[s] the said RELEASEE [Arch], their parent companies, affiliates, managers, principals, employees, third-party administrators, adjusters, agents, brokers, experts, servants, brokers and legal representatives, of and from all manner of actions . . . , whether sounding in contract, quasi-contract or tort, in law or in equity, which RELEASOR [Grove] now has against said RELEASEE [Arch] or which they ever had, or which their affiliates, predecessors, successors or assigns hereafter can, shall or may have, under policy or insurance number ESP0038969-04 ("the Policy") issued by RELEASOR [Grove] to RELEASEE [Arch], by reason of any matter arising out of and/or related to any and all alleged loss or damage on or about March 27, 2015, to the Real Property and Business Personal Property owned by RELEASOR [Grove] located at Main Walk, Cherry Grove, New York 11782 ("the Loss" and "the Premises"). It is specifically understood and agreed that this Release applies to . . . any tort, bad faith, extra-contractual, breach of implied covenant of good faith and fair dealing and attorney fee claims, arising out and/or related to the Loss, and encompasses a full and final settlement of all claims and potential claims of any type against ARCH arising out of and/or related to the Loss, excluding GROVE'S Business Income with Extra Expense claim to ARCH, which is not released [*2]herein and is in the process of adjustment with all rights reserved by GROVE and ARCH" (emphasis omitted).
On June 28, 2016, Grove executed a final policyholder's release, which provided that Grove "release[s], remise[s], forgive[s], acquit[s] and forever discharge[s] the said RELEASEE [Arch], their parent companies, affiliates, managers, principals, employees, third-party administrators, adjusters, agents, brokers, experts, servants, brokers and legal representatives, of and from all manner of actions . . . , whether sounding in contract, quasi-contract or tort, in law or in equity, which RELEASOR [Grove] now has against said RELEASEE [Arch] or which they ever had, or which their affiliates, predecessors, successors or assigns hereafter can, shall or may have, under policy of insurance number ESP0038969-04 ("the Policy") issued by RELEASOR [Grove] to RELEASEE [Arch], by reason of any matter arising out of and/or related to the loss of Business Income and/or incurring of Extra Expense which occurred to property owned by RELEASOR [Grove] located at Main Walk, Cherry Grove, New York 11782, as a result of a loss that occurred on March 27, 2015 ("the Loss" and "the Premises"), for which RELEASOR [Grove] made claim to RELEASEE [Arch] under ARCH file number 000012756670. It is specifically understood and agreed that this Release applies to all known and unknown loss or damage at the Premises, any and all claims for the coinsurance provided in the Policy with respect to loss of Business Income and incurring of Extra Expense, debris removal, mitigation, pumping, remediation, ordinance or law requirements, code upgrades, mold, fungi, contaminants and/or pollutants, and any tort, bad faith, extra-contractual, breach of implied covenant of good faith and fair dealing and attorney fee claims, arising out and/or related to the Loss, and encompasses a full and final settlement of all claims and potential claims of any type against ARCH arising out of and/or related to the Loss" (emphasis omitted).
In June 2020, Grove commenced this action to recover damages for breach of contract, alleging that the defendant failed to procure adequate insurance coverage for Grove. The defendant moved, among other things, for summary judgment dismissing the complaint based upon the affirmative defense of release. In an order dated June 23, 2023, the Supreme Court, inter alia, denied that branch of the motion. The defendant appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Sjogren v Board of Trustees of Dutchess Community Coll., 216 AD3d 836, 837 [internal quotation marks omitted]). "A release is a contract, and its construction is governed by contract law" (id. [internal quotation marks omitted]). "A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties" (Brad H. v City of New York, 17 NY3d 180, 185). "An agreement is ambiguous when the agreement on its face is reasonably susceptible of more than one interpretation" (Nappy v Nappy, 40 AD3d 825, 826 [internal quotation marks omitted]; see C & L Funding Co., LLC v Intercounty Paving Assoc., LLC, 215 AD3d 918, 919-920). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (Nappy v Nappy, 40 AD3d at 826 [internal quotation marks omitted]; see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 716). "When a term or clause is ambiguous, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716 [internal quotation marks omitted]; see Nappy v Nappy, 40 AD3d at 826).
Here, the Supreme Court properly determined that the releases were ambiguous and that therefore "the resolution of the ambiguity is for the trier of fact" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716 [internal quotation marks omitted]; see Nappy v Nappy, 40 AD3d at 826). Both releases provided that Grove was discharging Arch and other entities, including brokers, but simultaneously provided that the release was only from actions "which RELEASOR [Grove] now has against said RELEASEE [Arch], or which they ever had, or which their affiliates, predecessors, successors or assigns hereafter can, shall or may have" against Arch. Furthermore, although the releases indicated that they applied to actions sounding in "contract, quasi-contract or tort," they simultaneously limited their applicability to claims under the [*3]specific policy that Arch issued to Grove, which would preclude actions sounding in tort.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court