Gutt v North Am. Partners in Anesthesia, LLP (2025 NY Slip Op 02326)

Gutt v North Am. Partners in Anesthesia, LLP

2025 NY Slip Op 02326

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2024-09771
 (Index No. 501446/20)

[*1]Frederick Gutt, etc., respondent-appellant,
v
North American Partners in Anesthesia, LLP, appellant-respondent.

Nixon Peabody LLP, Melville, NY (Thomas M. Mealiffe and Neil P. Diskin of counsel), for appellant-respondent.
Leech Tishman Robinson Brog PLLC, New York, NY (John D. D'Ercole of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated May 7, 2024. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the second amended complaint. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the first and third causes of action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, an anesthesiologist, began working as an employee of the defendant, North American Partners in Anesthesia, LLP (hereinafter NAPA), in 2001. At the time, NAPA had a profit-participation arrangement for employees meeting certain eligibility requirements (hereinafter the NPG physicians). The plaintiff's practice group had a long-standing practice of distributing equal quarterly bonuses to the NPG physicians based on the practice group's profitability.
In 2010, the parties executed a new employment agreement, which provided that, in addition to his salary and enumerated fringe benefits, the plaintiff "shall be entitled to receive bonus payments in accordance with the" NAPA Practice Group Participation Program (hereinafter the NPGPP). The employment agreement described a "point system," wherein the participating employees were to determine a computation to quantify the productivity of a participant, which computation was to be used in determining what percentage of the total bonus pool to which each participant was entitled. The "point system" was subject to NAPA's continuing approval, which "shall not be unreasonably withheld." The employment agreement stated that no provisions of the agreement may be modified, waived, or discharged unless agreed by both parties in writing.
In 2014, the "Vassar NPG Bonus Plan" (hereinafter the 2014 Bonus Plan) was drafted, which, among other things, purported to divide the bonus pool equally between the participants. This document was never executed, but the plaintiff claims that the provisions therein [*2]were implemented by the parties.
In 2017, the director of the plaintiff's practice group, Mohamed Elmousely, introduced a "Value Step Ladder," which purported to divide the NPG physicians into four "steps" based on their contributions to the practice group's profitability. After an April 2017 meeting with NAPA's managing partner, the plaintiff and other NPG physicians were under the impression that the Value Step Ladder would not be implemented. Starting in 2017, however, Elmousely began allocating a larger share of the NPGPP revenue pool to himself at the expense of the other NPG physicians. In 2020, Elmousely and 13 other physicians left NAPA.
Thereafter, the plaintiff commenced this action. The second amended complaint sought to recover damages for breach of contract (first cause of action), breach of the implied covenant of good faith and fair dealing (second cause of action), and a violation of Labor Law article 6 (third cause of action), alleging that the plaintiff was entitled to an equal share of the revenue pool in accordance with the NPGPP. NAPA moved for summary judgment dismissing the second amended complaint, and the plaintiff moved for summary judgment on the issue of liability on the first and third causes of action. In an order dated May 7, 2024, the Supreme Court denied both motions. NAPA appeals, and the plaintiff cross-appeals.
"The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and resulting damages" (Detringo v South Is. Family Med., LLC, 158 AD3d 609, 609). "The best evidence of what the parties to an agreement intended is what they set forth in their writing" (Chavarria v Bruce Nagel & Partners Architects, P.C. 230 AD3d 1286, 1288). "A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties" (Brad H. v City of New York, 17 NY3d 180, 185). "An agreement is ambiguous when 'the agreement on its face is reasonably susceptible of more than one interpretation'" (Nappy v Nappy, 40 AD3d 825, 826, quoting Chimart Assoc. v Paul, 66 NY2d 570, 573). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (id. [internal quotation marks omitted]). "When a term or clause is ambiguous, 'the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact'" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 716, quoting State of New York v Home Indem. Co., 66 NY2d 669, 671).
Here, the Supreme Court correctly concluded that the employment agreement was reasonably susceptible of more than one interpretation as to the provisions that described the development and implementation of the "point system," and the resolution of this ambiguity is reserved for the trier of fact (see Grove Realty Enters., Inc. v Budde Agency, Inc., 232 AD3d 708, 711). Despite NAPA's contention that the employment agreement gave it the sole discretion to "amend, modify or terminate the NPGPP," triable issues of fact remain as to how that clause of the employment agreement should be reconciled with the clause of the employment agreement stating that the plaintiff was entitled to receive bonus payments in accordance with the NPGPP, and that clause stating that approval of the employees' determination with regard to the "point system" shall not be unreasonably withheld.
"Generally, a written agreement which prohibits oral modification can only be changed by an 'executory agreement . . . in writing'" (Calica v Reisman, Peirez & Reisman, 296 AD2d 367, 368, quoting General Obligations Law § 15-301[1]). "However, an oral modification is enforceable if the party seeking enforcement can demonstrate partial performance of the oral modification, which performance must be unequivocally referable to the modification" (id. at 369). Here, there are also triable issues of fact as to whether the parties implemented the 2014 Bonus Plan through their course of conduct, thereby orally modifying the employment agreement.
Accordingly, the Supreme Court properly denied that branch of NAPA's motion which was for summary judgment dismissing the breach of contract cause of action and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of [*3]action.
"Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied covenant of good faith and fair dealing when it exercises a contractual right as part of a scheme to deprive the other party of the benefit of [the] bargain" (JLO Dev. Corp. v Amalgamated Bank, 232 AD3d 705, 706-707). "Technically complying with the terms of a contract while depriving the plaintiff of the benefit of the bargain may constitute a breach of the covenant of good faith and fair dealing" (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770). "Even an explicitly discretionary contract right may not be exercised in bad faith so as to frustrate the other party's right to the benefit under the agreement" (JLO Dev. Corp. v Amalgamated Bank, 232 AD3d at 707 [internal quotation marks omitted]).
Here, because NAPA failed to eliminate all triable issues of fact as to whether it breached the covenant of good faith and fair dealing implied by the employment agreement, including whether it unreasonably withheld approval of the employees' alleged determination that the bonus pool should be divided equally, the Supreme Court properly denied that branch of NAPA's motion which was for summary judgment dismissing the second cause of action.
"Article 6 of the Labor Law sets forth a comprehensive set of statutory provisions enacted to strengthen and clarify the rights of employees to the payment of wages" (Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223). "Labor Law § 190(1) defines the term 'wages' as 'the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis'" (Costello v Curan & Ahlers, LLP, 224 AD3d 732, 733). "Where a bonus is 'expressly link[ed]' to an employee's labor or services rendered, and the bonus is 'guaranteed and non-discretionary' as a term of employment, such bonus constitutes 'wages' within the meaning of Labor Law § 190" (id. at 733-734, quoting Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16). "Courts have construed this statutory definition as excluding certain forms of 'incentive compensation' that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise" (Truelove v Northeast Capital & Advisory, 95 NY2d at 223-224). Here, there are triable issues of fact as to whether the plaintiff's bonus, which was tied, in part, to the gross revenue of his specific assigned revenue pool, was expressly linked to his labor and services, and whether the bonus was discretionary or nondiscretionary. Accordingly, the Supreme Court properly denied that branch of NAPA's motion which was for summary judgment dismissing the third cause of action and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action.
NAPA's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court